# Rush *v.* Masonic Temple Association.

## *Assumpsit.*

(Decided Dec. 17, 1908.   48 South. 118.)

*Damages; Grounds; Remote and Speculative.*—Where it was not shown what was the difference between the value of the rooms properly heated and with elevator service, and without these accessories, and it did not appear that any loss resulted from defendant's patients being compelled to walk upstairs, or that prospective patients who did not go for treatment on named days were not subsequently treated, and it was not shown that defendant would have been profitably engaged during the estimated time he lost by lack of heat and elevator service, the loss caused by the lack of such accessories was so speculative and remote that damages therefor cannot be allowed, although it was agreed that plaintiff should furnish defendant heated rooms and elevator service.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by the Masonic Temple Association against R. A. Rush, in which defendant pleaded a set-off. From a judgment for plaintiff, denying the set-off, defendant appeals. Affirmed.

The action declares on eight promissory notes, of $60 each, due and payable monthly. By way of defense defendant says that these notes were given for the rent of certain rooms for offices in a certain building, and that it was a part of the consideration that plaintiff contracted to furnish adequate elevator service to him, but that it failed to do so, resulting in damages of $500 to the defendant, which are offered to be set off against plaintiff's demand with a judgment over for the excess; and for further plea he sets up that plaintiff also agreed, as a part of the consideration for said note, that it would furnish defendant adequate heat to heat said rooms, and that plaintiff failed to do so, to the damage of defendant of $500, which is offered to be set off against the

[Rush v. Masonic Temple Association.]

demand, and a claim made for the excess. The court, sitting without a jury, gave judgment for plaintiff in the sum of $240, and nothing by way of set-off or recoupment.

GREGORY L. & H. T. SMITH, for appellant. No brief came to the Reporter.

INGE & ARMBRECHT, for appellee. No brief came to the Reporter.

ANDERSON, J.—Conceding, without deciding, that there was an implied obligation to furnish the defendant elevator accommodations and to keep his rooms properly heated, and that there was an occasional failure to fully comply with this implied obligation, yet the defendant's evidence as to the damages he sustained is so uncertain, speculative, and conjectural that little or no data were furnished the trial court as a basis for ascertaining same. There was no proof of the difference in the value of the apartments, properly heated and with proper elevator service, and the condition in which the plaintiff permitted them to be during the defendant's occupancy. There were a few days when patients had to ascend the stairway to reach the defendant's offices, but this fact may not have entailed any financial loss to the defendant. It was also shown that a few would-be patients failed to be treated by him on certain days, because the elevater was not running, or because the rooms were not properly heated; but there is no proof that they were not at other times treated by the defendant, or that he incurred any fixed financial loss on those occasions. It is true the defendant estimated that he had sustained the average loss of over on hour per day; but there is nothing to show what he lost by not working these hours, or that he would have been profitably engaged all of this time, had the elevator been running and

the rooms heated. So far as the record shows, he made as much under the conditions complained of as he would have made otherwise. Indeed, the defendant's collections seemed to have been better in August (the month when the elevator was more obstinate) than months when it was properly operated. We cannot say that the trial court, sitting as a jury, erred in not allowing the defendant any damages by way of recoupment, and the judgment of the trial court is accordingly affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.